## LOUDER v. HUNTER.

Where, in an action by an indorsee of a note, the evidence was undisputed that plaintiff was an indorsee in good faith for value before maturity and the maker, alleging that the note was a forgery and without consideration, showed that he was not indebted to the payee at the date of the note, an instruction authorizing the jury to consider the evidence on want of consideration only, in support of the defense of forgery, was not erroneous.

The court on appeal from a judgment for the indorsee of a note, for value, in good faith, before maturity will presume in support of a ruling of the trial court that the note was negotiable in form, it not being set out in the record.

A party may not impeach the testimony of a witness of the adverse party testifying by deposition, by proving that the witness after the completion of his deposition admitted that his testimony was false, but the party must proceed to take the deposition of the witness so as to get his evidence properly before the court, and give the adverse party an opportunity to examine the witness on the subject.

Where a maker of a note sued on by an indorsee in good faith for value before maturity admitted the genuineness of his signature, but asserted that the typewritten body was made 'without' his knowledge or authority, evidence that three years before the execution of the note the payee had attemptd to imitate the signature of the maker was inadmissible.

The maker of a note who admitted the genuineness of his signature, but asserted that the typewritten body thereof was made without his knowledge or authority, could not show, as against an indorsee in good faith for value before maturity, that 16 or 17 months before the date of the note he had discovered a check to which the payee had attempted to imitate the maker's handwriting; especially when the maker did not qualify as an expert.

(Opinion filed December 28, 1910.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by Albert N. Louder against E. E. Hunter. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl,* for appellant. *Preston & Wagner,* for respondent.

WHITING, P. J. This action was brought to recover the amount claimed to be due and unpaid upon a promissory note alleged to have been given by defendant to one Leon S. Miles and indorsed, before maturity, to plaintiff. Verdict being for plaintiff, a judgment was entered thereon, and, a new trial having been denied, the defendant has appealed to this court from the said judgment and order denying a new trial.

The answer herein, after denying generally the allegations of the complaint wherein the execution, transfer, and nonpayment of the note were set out, alleged: That defendant at no time owed Leon S. Miles any sum of money whatsoever; that defendant never made, executed, and delivered the note in question; and that if plaintiff held such a note, as alleged, the same was a forgery. There were also allegations to the effect that plaintiff was not an innocent purchaser.

As the basis of his argument upon appeal, appellant claims that, upon the trial, there were two issues of fact presented by the

testimony: (1) Was the note executed and delivered by defendant? (2) Was there any consideration for the note? Considerable evidence was received which tended to show that defendant was not indebted to Miles at the time the note purported to have been executed. The question of no consideration for the note was not submitted to the jury; the determination of the jury being confined, by the court's instructions, solely to the issue as to forgery of note. So far as the evidence concerning want of consideration was concerned, the jury were allowed to consider that only as it might tend to support the claim of forgery. The appellant complains of said instructions, but, inasmuch as the evidence was undisputed that the plaintiff was an indorsee of said note, in good faith and for value, prior to its maturity, it is clear the court committed no error in its instructions, as this court, in support of the ruling of the trial court, will presume the note to have been negotiable in form; the note not being set out in the record. The evidence was ample to warrant the jury in finding that the note was not a forgery.

Appellant complains because the court excluded the answers to certain questions asked appellant and his wife. The testimony of Miles was received in the form of a deposition taken on behalf of respondent. This deposition was taken at Chicago in the presence and hearing of appellant and wife. Appellant, upon redirect examination, testified that he had a conversation with Miles immediately after the taking of such deposition. Appellant was then asked: "Did he say anything to you at that time with reference to the truth or falsity of the testimony he had given?" This was objected to as improper redirect examination, and the objection was sustained; the court basing its ruling upon the ground that "it is trying to get at impeachment for which there has been no foundation laid." Appellant contends that, inasmuch as this occurred after the deposition closed, there was no chance to ask of Miles the proper questions to lay a foundation for impeachment. It would hardly be fair to respondent, when he had taken Miles' testimony under oath, to allow the same to be wholly destroyed by unsworn statements made by this witness in respondent's absence.

If appellant considered any statement made by Miles worthy of consideration by the court, or jury, he should have proceeded to take his deposition so as to get Miles' evidence properly before the court, and, at the same time, give respondent a chance to examine Miles. Appellant, in his brief, states what he expected to show by the answer to the question asked; from the record it does not appear that the trial court was in any manner advised of what appellant sought to bring out by the answer to the question asked. The point raised on the exclusion of the answer to the above question is identical with that involved in the exclusion of answers to certain other questions asked of appellant and wife.

Appellant complains of the rulings of the court excluding answers which, it is urged, would show a disposition, on the part of Miles, to forge appellant's signature at other times. Appellant claiming that proof of this fact would have "an influence in determining the weight to be given his [Miles'] testimony in this case." The note sued on was dated in May, 1908. It was conceded by appellant that the signature to such note was genuine, but it was claimed that, without his knowledge or authority, the body of the note had been, by some other party, written over such signature. Appellant was asked whether, about the middle of 1905, he had discovered any attempt on part of Miles to imitate his signature. He was not allowed to answer such question. The trial court did not err. When one considers the time that had elapsed before date of note in suit, the fact that the mere imitating of another's handwriting is a thing perfectly innocent in itself, it is apparent that it was no proof whatever of the forgery of the note in question, especially when it was conceded that the note in question had the true signature of appellant attached thereto, and, on the other side, that the body of the note was written on a typewriter by Miles. Appellant was also asked whether he had not, some 16 or 17 months prior to the date of the note sued upon, discovered a check to which Miles had attempted to assimilate appellant's handwriting and affix his signature. The answer to this question was excluded. If this question had been answered, it would not have left, either to the jury or to some party who had qualified as an expert, the

question as to whether there had been an attempt to "assimilate" or copy the handwriting of appellant. This, taken in connection with lapse of time and the fact that there was no assimilation of handwriting charged as regards the note in suit, certainly rendered the evidence sought incompetent and immaterial.

No error appearing in the record, the judgment and order appealed from are affirmed.